Filed 12/2/25  P. v. Galvan CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAMES GALVAN,<br><br>        Defendant and Appellant. | D084894<br><br><br><br>(Super. Ct. Nos. SCS323100,<br>SCS323214) |

APPEAL from a judgment of the Superior Court of San Diego County, Rebecca S. Kanter, Judge.  Affirmed.

James Galvan, in pro. per.; and Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In January 2023, James Galvan pleaded guilty to vandalism (Pen. Code, § 594, subd. (a)(b)(1)), admitted illegal taking and driving a vehicle (Veh. Code, § 10851,subd. (a)), and admitted violation of Penal Code section 12022.1, subd. (b)).  Galvan was placed on probation for two years.

In June 2024, the court conducted a formal probation revocation hearing where evidence was presented.  The court revoked Galvan's

probation. Galvan was sentenced to prison for a term of four years eight months.

Galvan filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende.* We offered Galvan the opportunity to file his own brief on appeal.

Galvan has responded with a supplemental brief in which he complains about the revocation of probation and the prison sentence. He argues he had already served a year in county jail; thus, his subsequent sentence is illegal. Galvan also claims his appellate counsel is ineffective. Based on this record, Galvan has not identified any arguable issues for reversal on appeal.

STATEMENT OF FACTS

Appellate counsel has provided an accurate summary of the evidence presented at the revocation hearing. We will incorporate that statement into this opinion for background.

At the evidentiary hearing on July 31, 2024, the court found Galvan in violation of probation. At that hearing Deputy Probation Officer Rogelio Ortuno testified that he was the supervising probation officer assigned to Galvan's case. Officer Ortuno testified that Galvan failed to report as directed in March 2024, and that he failed to report a law enforcement contact. Deputy Robert Castro also testified that he was a Riverside County Deputy Sheriff and had training and experience in drug recognition. Deputy Castro testified that he was working on April 9, 2024 when he contacted Galvan. Galvan told the deputy he was on probation in San Diego County and gave him permission to search. The deputy located a clear baggie with

2

what he believed was a controlled substance.  He arrested Galvan and, during questioning, Galvan admitted using methamphetamine.  Galvan was booked into custody.  Deputy Castro further testified that based on his training and experience the substance was a usable amount.  He also tested the substance using a "Trunarc" device, which tested the substance as methamphetamine.  Galvan testified that he did possess a small amount of methamphetamine that he had used the night before Deputy Castro contacted him, and that he had recently relapsed after being sober for 13 years.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal:  Whether the court erred in imposing consecutive terms since the felonies were not violent.

We have independently reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Galvan on this appeal.

# DISPOSITION

The judgment is affirmed.


HUFFMAN, J.*

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

---

\* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.